## (November 20, 1973)

■ In the Matter of EVELYN GLOVER, Petitioner, v. ABE LAVINE, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.— Determination of State Commissioner of Social Services, dated October 20, 1972, affirming a determination of the New York City Department of Social Services, unanimously annulled on the law, and the proceeding remanded for rehearing, without costs and without disbursements. The only items admitted into evidence at the "Fair Hearing" were the report by petitioner of the nonreceipt of the semimonthly check, a form indicating that the missing check was cashed, a photocopy of the check reported missing, ·and a notice of intention to reduce benefits. The petitioner denied having signed the missing check. There is an absence of substantial evidence to sustain the finding of fact that petitioner cashed the check originally reported missing. A new hearing is mandated during which appropriate testimony concerning the authenticity of the signature may be received (cf. *Matter of Garcia* v. *Lavine,* 41 A D 2d 817; *Matter of White* v. *Lavine,* 41 A D 2d 723). Concur — McGivern, J. P., Murphy, Lane, Steuer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK FUENTES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK FUENTES, Appellant, v. WARDEN, NEW YORK CITY CORRECTIONAL INSTITUTION FOR MEN, Respondent.— Judgment, Supreme Court, Bronx County, rendered April 17, 1972, convicting the defendant upon a plea of guilty of the crime of attempt to commit the crime of possession of a weapon as a felony and criminal possession of a dangerous drug in the sixth degree and sentencing the defendant to two consecutive one-year terms, unanimously reversed, on the law, the sentence vacated and the case remanded for resentence. Appeal from the judgment, Supreme Court, Bronx County, entered November 27, 1972, which dismissed relator's application for a writ of habeas corpus, unanimously dismissed as academic. The record indicates that at the time of sentencing, the court failed to comply with the mandatory provisions of CPL 380.50 in not affording defendant the right to make a statement personally in his own behalf. This failure constitutes error (*People* v. *Nagi,* 42 A D 2d 683; *People* v. *Chapman,* 42 A D 2d 680; *People* v. *Lucky,* 41 A D 2d 1023; *People* v. *Brown,* 41 A D 2d 850; *People* v. *Rizzo,* 41 A D 2d 691; *People* v. *Herndon,* 41 A D 2d 698; *People* v. *Gilliam,* 40 A D 2d 1036; *People* v. *Barnett,* 37 A D 2d 1027; *People* v. *Moore,* 36 A D 2d 866). Accordingly, remand for resentencing is mandated. Concur — Murphy, Steuer and Tilzer, JJ.; Markewich, J. P., and Lane, J., concur in the following memorandum by Lane, J.: We concur with the result reached by the majority, but we would also reverse on the ground that imposition of sentence must conform to subdivision 3 of section 70.25 of the Penal Law. In the case at bar, the defendant was arrested on December 18, 1971 in possession of a loaded weapon and a quantity of narcotics. The record shows that while there were two crimes committed, they were part of "a single incident or transaction" (cf. *People* v. *Lopez,* 35 A D 2d 695, affd. 28 N Y 2d 148). Accordingly, resentence is mandated for failure to comply with both CPL 380.50 and subdivision 3 of section 70.25 of the Penal Law.