■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DAVID SMITH, Appellant.—Appeal from a judgment of the County Court of Schuyler County, rendered January 3, 1974, convicting defendant on his plea of guilty of grand larceny in the third degree. Defendant was indicted for the crime of grand larceny in the third degree. He subsequently pleaded guilty to the indictment and was sentenced to an indeterminate term of imprisonment of not more than four years. This appeal ensued. Defendant raises three issues, urging reversal. He contends that he was denied due process because of inadequate representation by counsel; that he was not afforded his right to speak as required by CPL 380.50; and that the sentence was harsh and excessive. We find no merit to defendant's first contention. His second contention, however, is somewhat vexatious and requires our analysis. The allocution found in CPL 380.50 requires that the court afford the prosecutor, defendant's counsel and the defendant himself an opportunity to speak at sentencing. The Court of Appeals recently considered the requirements of this statute and concluded that the allocution remains a

---

substantial right in spite of the disappearance of its historical basis. *(People v McClain,* 35 NY2d 483, 491.) The court further concluded that a substantial compliance with the statute is sufficient, but stated, nevertheless, "each defendant should be afforded an opportunity to make a statement personally in his own behalf of whatever character." In the instant case the court inquired of defendant and of his attorney if there was any reason why sentence should not be passed at that time. Each responded in the negative. Thereafter, while discussing defendant's past record and the sentence to be imposed, defendant said, "May I speak please?" The court replied, "Ask your defense counsel." The record reveals no further colloquy on the subject. It also reveals that neither defendant nor his attorney spoke on defendant's behalf. Furthermore, it is apparent from a reading of the record that defendant was never subsequently asked whether he wished to make a statement on his own behalf. On the other hand, the District Attorney was asked if he wished to make any statement regarding the sentence of the defendant, and did make a statement. Considering the record in its entirety, we are of the view that there was not substantial compliance with CPL 380.50. Therefore, defendant should be resentenced after compliance with the statute. *(People v Fuentes,* 43 AD2d 536.) In view of this determination it becomes unnecessary to pass on the defendant's third contention. Judgment of conviction affirmed, but the sentence is reversed, on the law, and matter remitted to the trial court for resentence in compliance with CPL 380.50. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.