■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED R. VONDELL, Appellant.—Appeal from a judgment of the County Court of Essex County, rendered July 11, 1977, convicting defendant, on his plea of guilty, of burglary in the third degree. Although charged with several crimes, defendant pleaded guilty to the crime of burglary in the third degree in full satisfaction of all other charges pending against him. Defendant's plea followed plea-bargaining negotiations and he was sentenced on the same day of his conviction to an indeterminate term of imprisonment with a maximum of four years. This appeal ensued. Defendant contends that the court improperly pronounced sentence without asking him whether he desired an adjournment. CPL 380.30 (subd 3) provides that a court may not pronounce sentence at the time the conviction is entered without inquiring as to whether an adjournment is desired by the defendant. While it is apparent from a reading of the record that plea negotiations had taken place, there is no provision in CPL 380.30 (subd 3) that a defendant waives his right to seek an adjournment by entering into a plea-bargaining agreement. Nor does the fact that the granting of such an adjournment is discretionary deprive defendant of his statutory right to be questioned as to his desire for an adjournment. Consequently, it is the opinion of this court that defendant should be resentenced after compliance with the statute (cf. *People v Smith,* 49 AD2d 651). In view of this determination we need not now consider

defendant's remaining contention that the sentence imposed was excessive and an abuse of discretion. Judgment modified, on the law, by vacating the sentence; matter remitted for resentencing in compliance with CPL 380.30 (subd 3), and, as so modified, affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.