■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GARDELLA, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered June 25, 1975, convicting him of murder (two counts), robbery in the first degree, grand larceny in the third degree, possession of weapons, etc., as a felony, possession of weapons, etc., as a misdemeanor and conspiracy in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We have closely examined the trial transcript with respect to defendant's contention that when J. Radley Herold, his retained trial counsel, took ill, the court improperly and unfairly denied a defense motion for a mistrial and required the defendant to continue the trial without counsel of his own selection. Examination of the transcript and all references therein to the role of Mr. Herold's cocounsel, James R. Jannace, reveals: (1) that the major part of the prosecution's case and the defendant's case had been completed by the time Mr. Herold took ill; (2) that Mr. Jannace took an extremely active role as Mr. Herold's cocounsel, including the examination of several witnesses at the trial; (3) that Mr. Jannace was fully competent to continue and conclude the defendant's case, having indicated to the trial court with laudable candor that his handling of this portion of the defense had been contemplated from the outset; (4) that Mr. Jannace concluded the case competently and in furtherance of the defendant's best interests and the established pattern of the defense; and (5) that Mr. Jannace's summation was likewise in accordance with the strategy of the defense. We therefore find no merit to defendant's

contention that denial of his motion for a mistrial was erroneous and that he was thereby improperly required to continue the trial with an attorney not of his own selection. Notably, Messrs. Herold and Jannace are both listed on the trial transcript as appearing on behalf of the defendant. With respect to defendant's contention that Kathy Gardella, a prosecution witness, was improperly impeached by the People (see CPL 60.35), we note that this claim was not preserved for review by proper objection. In any event, we find no prejudice since the other evidence against the defendant was overwhelming (see *People v Crimmins*, 36 NY2d 230). We have examined defendant's remaining contentions and find them to be without merit. Martuscello, J. P., Rabin, Gulotta and Cohalan, JJ., concur.