■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN GOSS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered July 11, 1984, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and the complainant began fighting in a pool room and later resumed the altercation in a McDonald's parking lot. Shortly thereafter, the defendant showed up at

the complainant's house and told him he was going to kill him and his brothers. When the complainant came outside with his mother, the defendant fired six shots, hitting the complainant twice. The defendant, who lived three doors away and who had known the complainant for 1 or 2 years, testified that he did not go to the complainant's home on the night in question and that the complainant blamed him for the shooting because of "bad blood" between the two families.

When viewed in a light most favorable to the People, the evidence was legally sufficient to support the defendant's conviction of the crimes charged (see, People v Contes, 60 NY2d 620). The jury was presented with both the complainant's and the defendant's version of the facts. The credibility of the witnesses was a matter reserved for the jury and its determination should not be lightly overturned (see, People v Gruttola, 43 NY2d 116; People v Ortiz, 135 AD2d 664; People v Mustafa, 126 AD2d 674, lv denied 69 NY2d 831). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The trial court did not abuse its discretion in its ruling on the defendant's Sandoval motion since the court limited the questioning of the defendant to only 1 of his 8 prior convictions and provided the jury with cautionary instructions as to the proper use the jury was to make of such prior conviction (see, People v Pavao, 59 NY2d 282; People v Kehn, 109 AD2d 912).

The defendant was not denied a fair trial by the comments made by the prosecutor in his opening address to the jury and in his summation (see, People v Gines, 36 NY2d 932; People v Galloway, 54 NY2d 396). Moreover, the trial court's evidentiary rulings were proper. The prosecutor's questioning of the defendant as to what he told the officers upon being arrested did not violate his privilege against self-incrimination since it was the defendant who initiated the conversation and who elected not to exercise his privilege (People v Savage, 50 NY2d 673, cert denied 449 US 1016).

Upon viewing the evidence in a light most favorable to the defendant, we agree with the trial court that the evidence adduced in this case fails to support a charge of assault in the second degree as a lesser included offense of assault in the first degree (see, People v Glover, 57 NY2d 61; People v Mejia, 119 AD2d 771).

The defendant was properly adjudicated a predicate felon *(see, People v McGrath,* 43 NY2d 803) and the sentence he received was neither harsh nor excessive in light of the calculated, intentional shooting of the complainant *(see, People v Suitte,* 90 AD2d 80).

We find the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.