■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO MYRIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered November 17, 1986, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The victim testified at trial that he went to an after-hours club at about 5:30 A.M. on September 15, 1985, in order to pick up a friend, that he stood waiting outside the club while someone went inside to find his friend and that as he began to leave he became involved in a fight, during which his wallet was taken. The victim stated that he thereafter summoned the police and identified the defendant as the man who had taken his wallet. According to the arresting officer, the victim's wallet was found on the defendant when he was later searched at the police precinct.

The defendant testified on his own behalf. He claimed that he had only witnessed the fight and had not been involved in it. He said that during the fight he saw the victim's wallet being taken. He claimed that he had asked the individual who had taken the wallet to return it but that the perpetrator had refused.

When the complainant pointed the defendant out to the police as the man who took his wallet, the defendant told the

complainant that he had nothing to hide and volunteered to answer questions. He told the police that he had asked the person who had taken the wallet to return it to the complainant and that he did not know anything else. On cross-examination at trial, the prosecutor then asked the defendant why he had not told the police about the fight. The defendant claims that that inquiry was improper. We disagree. Where a defendant reveals to the police "the essential facts of his involvement in the crime [he] may be cross-examined about his failure to inform the police at the time of exculpatory circumstances to which he later testifies at trial" (see, People v Savage, 50 NY2d 673, 676, cert denied 449 US 1016).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.