■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HARRISON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Feldman, J.), both rendered October 17, 1986, convicting him of sodomy in the first degree under indictment No. 4461/85, upon his plea of guilty, and attempted robbery in the second degree and assault in the second degree under indictment No. 2216/86, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that his right to remain silent was abrogated during the trial under indictment No. 2216/86 when the prosecutor asked him why he did not tell a police officer that the complainant had slapped him. As no objection was raised to this question at trial, the issue was not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, the defendant's contention is without merit. Ordinarily a defendant's pretrial silence cannot be used for impeachment purposes *(see, People v Conyers,* 52 NY2d 454, 459). However,

when a defendant speaks to police and omits exculpatory material that he presents for the first time at trial, he may be impeached with that omission (see, People v Savage, 50 NY2d 673, 679, cert denied 449 US 1016; see also, People v Myrie, 137 AD2d 563, 564; People v Goss, 136 AD2d 653, 654).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.