■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BROWN, Appellant.—Judgment, Supreme Court, Bronx County (Joseph A. Mazur, J.), rendered April 9, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him,

as a second felony offender, to a term of imprisonment of 7 to 14 years, unanimously affirmed.

Defendant's argument that he was in various ways deprived of a fair trial by the prosecutor's summation is unpreserved, and we decline to review it. If we were to review it in the interest of justice, we would find that the challenged comments do not warrant a new trial. The prosecutor's summation did not exceed the bounds of fair comment *(People v Galloway,* 54 NY2d 396; *People v Stokes,* 165 AD2d 763, *lv denied* 76 NY2d 991); he did not vouch for the credibility of the police witness; and his arguments on the absence of testimony by one officer were responsive to counsel's claims in summation. While argument noting that the defendant has listened to the prosecution witnesses and thereby suggesting that he has tailored his own testimony in light thereof has been criticized *(People v Rosa,* 108 AD2d 531, 538), in the circumstances here presented, including defendant's waiver of any opening, the argument that defendant's trial testimony was newly fabricated to contradict the police testimony does not warrant a reversal. Finally, there is no merit to defendant's unpreserved argument that the court did not respond meaningfully to a request by the jury to hear testimony *(see, People v Agosto,* 73 NY2d 963; *People v Malloy,* 55 NY2d 296, 302). Concur—Murphy, P. J., Wallach, Kupferman, Asch and Smith, JJ.