■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST WEST, Appellant. [622 NYS2d 572] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered February 25, 1993, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the third degree, and the unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from an incident which occurred in the early morning hours of November 17, 1991. Charles Caruth, the complainant, who was working as a driver for a car service, picked up the defendant and his accomplice and drove them to Queens where the defendant stole Caruth's car and $200 by placing what Caruth believed to be a gun, to Caruth's head. Acting upon the complainant's lead, police detectives two days later saw the defendant driving Caruth's car and arrested him. Caruth identified the defendant in a lineup.

Contrary to the defendant's contention on appeal, the hearing court's *Sandoval* ruling did not constitute an improvident exercise of discretion because it allowed the prosecutor to cross-examine the defendant regarding three of his prior convictions *(see, People v Branch,* 155 AD2d 475). The similarity between prior convictions and the crimes charged does not automatically preclude inquiry *(see, People v Pavao,* 59 NY2d 282). Moreover, the record in this case demonstrates that the court engaged in a proper balancing between the probative value of the convictions for impeachment purposes and the prejudicial effect of such impeachment upon the defendant *(see, People v Sandoval,* 34 NY2d 371, 376; *People v Bearthea,* 171 AD2d 751).

The defendant contends that he was denied a fair trial because the court permitted the prosecutor to question him about his failure to tell the police that a friend of his committed the robbery.

As only a general objection was raised to this question at trial, the issue is not preserved for appellate review *(see, People v Bynum,* 70 NY2d 858). In any event, the defendant's contention is without merit. Generally, a defendant's post-arrest silence cannot be used for impeachment purposes *(see, People v Conyers,* 52 NY2d 454, 459). However, if a defendant speaks to police officers and omits exculpatory information which he presents for the first time at trial, the defendant may be impeached with the omission *(see, People v Savage,* 50 NY2d 673, 679, *cert denied* 449 US 1016; *see also, People v Harrison,* 149 AD2d 434, 435).

With respect to the court's supplemental charge in response to the jury note, we find that the court's charge defining robbery in the first degree properly set forth what constitutes acting in concert, was responsive to the jury's question, and the charge as a whole was not prejudicial to the defendant *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.