■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BLACKS, Appellant. [633 NYS2d 793] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered October 4, 1993, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that reversible error took place when the prosecutor asked him during cross-examination why he did not tell a police officer that the victim had attacked him. As only a general objection was raised to this question at trial, the issue is not preserved for appellate review *(see, People v Bynum,* 70 NY2d 858). In any event, the defendant's contention is without merit. Generally, a defendant's postarrest silence cannot be used for impeachment purposes *(see, People v Conyers,* 52 NY2d 454, 459). However, if a defendant speaks to the police and omits exculpatory information which he presents for the first time at trial, the defendant may be impeached with the omission *(see, People v Savage,* 50 NY2d 673, 679, *cert denied* 449 US 1016; *People v Spinelli,* 214 AD2d 135; *People v West,* 212 AD2d 651; *People v Harrison,* 149 AD2d 434). Furthermore, although the defendant's statement was not admissible as evidence-in-chief because it was obtained in violation of the defendant's *Miranda* rights, it was properly used for impeachment purposes *(see, People v Maerling,* 64 NY2d 134; *People v Wise,* 46 NY2d 321; *People v Harris,* 25 NY2d 175, *affd* 401 US 222).

The defendant's remaining contention that the conviction should be reversed because of certain of the prosecutor's summation remarks is similarly unpreserved for appellate review *(see, People v Comer,* 73 NY2d 955; *People v Medina,* 53 NY2d 951) and is, in any event, without merit *(see, People v Galloway,* 54 NY2d 396; *People v Brown,* 180 AD2d 549). Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.