■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD PALMER, Appellant. [635 NYS2d 646] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 30, 1993, convicting him of murder in the second degree (two counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that he was deprived of a fair trial when the prosecutor was permitted to elicit the fact that he invoked his right to counsel while being questioned by a homicide detective. However, since the defendant lodged only a general objection to the prosecutor's question, his present claim that the prosecutor improperly sought to introduce this evidence to demonstrate his consciousness of guilt is unpreserved for appellate review *(see, People v Colavito,* 70 NY2d 996; *People v Boyd,* 58 NY2d 1016; *People v Blacks,* 221 AD2d 351). In any event, while this evidence should not have been elicited, the brief reference to the fact that the defendant announced his intention to obtain a lawyer does not warrant

reversal in light of the overwhelming evidence of the defendant's guilt *(see, People v Douglas,* 149 AD2d 613).

The sentence imposed was neither unduly harsh nor excessive *(see, People v Delgado,* 80 NY2d 780).

The defendant's remaining contentions are either unpreserved for appellate review or do not require reversal. Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.