■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN DAVIS, Appellant. [683 NYS2d 496] —Judgment, Supreme Court, New York County (James Leff, J.), rendered September 18, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant knowingly, intelligently and voluntarily waived his right to be present at sidebar conferences during voir dire. The court memorialized on the record the fact that defendant had already been advised of his right to be present and waived that right in an unrecorded colloquy.

We find that defendant's waiver was valid despite the fact that the court placed the waiver on the record during a sidebar from which defendant was absent, in light of the reasonable inference to be drawn from the record that the court had advised defendant of his rights preliminarily, which inference is confirmed by defense counsel's failure to refute the court's pronouncement that defendant had waived his rights (*see, People v Diaz*, 246 AD2d 397, *lv denied* 92 NY2d 851).

The People's comments on defendant's omission of exculpatory information from his statement to the police do not warrant reversal. Since defendant chose to speak to the police and the circumstances made it "most unnatural" to omit exculpatory information he later brought forth in his trial testimony, defendant was subject to impeachment with the omission (*People v Savage*, 50 NY2d 673, 679, *cert denied* 449 US 1016). The content of defendant's statement to the police was sufficient, under the circumstances, to invoke the *Savage* rule (*People v Spinelli*, 214 AD2d 135, 141, *lv dismissed* 87 NY2d 1025), and defendant's remaining arguments on this issue are unpreserved and unavailing.

While it was error for the prosecutor to have commented during summation on a defense witness's failure to provide the police with information, since a proper foundation was not laid during cross-examination (*People v Dawson*, 50 NY2d 311), such error was harmless (*People v Brown*, 215 AD2d 492, *lv denied* 86 NY2d 791).

There was sufficient foundation for the People's summation comments concerning defendant's failure to call witnesses mentioned in his testimony (see, *People v Tankleff*, 84 NY2d 992, 994-995).

It was a proper exercise of discretion to deny defendant's request for an expanded identification charge (*People v Knight*, 87 NY2d 873).

We perceive no abuse of sentencing discretion.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would reject them. Concur—Nardelli, J. P., Wallach, Rubin and Williams, JJ.