■ The People of the State of New York, Respondent, v Michael Ziolkowski, Appellant. [747 NYS2d 841] —Appeal from a judgment of Niagara County Court (Broderick, Sr., J.), entered April 13, 2000, finding that defendant violated the conditions of his probation.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment sentencing him to incarceration upon a finding that he violated the conditions of his probation imposed upon his conviction of attempted grand larceny in the third degree (Penal Law §§ 110.00, 155.35). We reject the contention of defendant that he was deprived of his right to counsel at sentencing on the ground that his "lead" attorney was not present. Defendant was represented at sentencing by an attorney who had represented him at two prior sentencing proceedings that were adjourned, and neither defendant nor his attorney objected to proceeding with sentencing. The record therefore establishes that defendant had " 'an opportunity to be represented by [an attorney] sufficiently familiar with the case and * * * defendant's background to make an effective presentation on the question of [the] sentence' " (*People v Edmond*, 84 AD2d 938, 938; *cf. People v Di Salvo*, 19 AD2d 747). The further contention of defendant that he was deprived of effective assistance of counsel at sentencing also lacks merit (*see People v Baldi*, 54 NY2d 137, 147).

Finally, defendant contends that he was not afforded the right to make a statement in his own behalf at sentencing pursuant to CPL 380.50. We reject that contention. Although County Court began to sentence defendant to an indeterminate term of incarceration of $1\frac{1}{3}$ to 4 years before defendant had

made a statement in his own behalf, the court then stopped and allowed defendant to speak. In response to defendant's statement, the court imposed a lesser sentence of 1 to 3 years. Under these circumstances, we conclude that the court substantially complied with the requirements of CPL 380.50 (*see generally People v Smith*, 49 AD2d 651; *People v Wade*, 49 AD2d 770). Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.