■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSICA MCIVER, Appellant. [847 NYS2d 894]—Appeal by the defendant, as limited by her motion, from a sentence of the County Court, Westchester County (Colangelo, J.), imposed November 15, 2006, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Crane, Santucci, Fisher and Carni, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL PRASHAD, Appellant. [848 NYS2d 279]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered December 14, 2005, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not denied a fair trial when the court permitted the prosecutor to question him regarding his failure to provide police officers with certain exculpatory information at the time of arrest. Generally, a defendant's postarrest silence cannot be used for impeachment purposes (*see People v Conyers,* 52 NY2d 454, 459 [1981]). However, where, as here, a defendant speaks to the police and omits exculpatory information which he presents for the first time at trial, the defendant may be impeached with the omission (*see People v Savage,* 50 NY2d 673, 676, 679 [1980], *cert denied* 449 US 1016 [1980]; *People v Blacks,* 221 AD2d 351 [1995]; *People v Spinelli,* 214 AD2d 135, 139-141 [1995]; *People v West,* 212 AD2d 651, 652 [1995]; *People v Harrison,* 149 AD2d 434, 434-435 [1989]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Miller, J.P., Crane, Dillon and Balkin, JJ., concur.