■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN FOX, Appellant. [876 NYS2d 98]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered December 21, 2005, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), arson in the third degree, grand larceny in the third degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court

properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials, as the statements were made after the knowing, voluntary, and intelligent waiver of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), and were not the product of coercion (*see People v Booker,* 49 AD3d 658 [2008]; *People v Miles,* 276 AD2d 566, 567 [2000]).

The defendant's contention that he was denied a fair trial when the prosecutor questioned him regarding his failure to provide police officers with certain exculpatory information at the time of arrest is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the contention is without merit. Generally, a defendant's postarrest silence cannot be used for impeachment purposes (*see People v Conyers,* 52 NY2d 454, 459 [1981]). Where, as here, however, a defendant speaks to the police and omits exculpatory information which he presents for the first time at trial, the defendant's credibility may be impeached with the omission (*see People v Savage,* 50 NY2d 673, 676, 679 [1980], *cert denied* 449 US 1016 [1980]; *People v Prashad,* 46 AD3d 844 [2007]; *People v Blacks,* 221 AD2d 351 [1995]; *People v Spinelli,* 214 AD2d 135, 139-141 [1995]; *People v West,* 212 AD2d 651, 652 [1995]; *People v Harrison,* 149 AD2d 434, 434-435 [1989]).

The defendant was not denied the effective assistance of counsel (*see People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Turner,* 46 AD3d 847, 848 [2007]; *People v Seaton,* 45 AD3d 875 [2007]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.