(*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725 [1995]; *People v Poznanski*, 105 AD3d 775 [2013]; *People v Williams*, 70 AD3d 1059, 1060 [2010]; *People v Williams*, 156 AD2d 608 [1989]), and we decline to review it in the exercise of our interest of justice jurisdiction.

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered February 16, 2011, convicting him of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A prospective juror may be challenged for cause on the ground that "[h]e [or she] has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). "[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (*People v Chambers*, 97 NY2d 417, 419 [2002]; *see People v Arnold*, 96 NY2d 358, 362 [2001]). "Where a prospective juror offers such assurances, the trial court has discretion to deny the challenge for cause if it determines that the juror's promise to be impartial is credible" (*People v Johnson*, 40 AD3d 1011, 1011-1012 [2007]; *see People v Arnold*, 96 NY2d at 363). Here, although the subject prospective juror initially indicated that he had a bias, stating that the case had "come this far, so something had to happen for it to come this far," he provided unequivocal assurances that the filing of an indictment would not have an impact upon his judgment, that he would accord the defendant "the presumption of innocence to which he is entitled," and would "hold the People to the burden of proving guilt beyond a reasonable doubt." The prospective juror further unequivocally agreed with the proposition that "the fact that (the defendant is) sitting here now means nothing until and unless the People prove his guilt beyond a reasonable doubt." Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's challenge for cause (*see People v Hewitt*, 95 AD3d 1358, 1358-1359 [2012]; *People v Johnson*, 40 AD3d 1011 [2007]; *People v Rolle*, 4 AD3d 542 [2004]).

The defendant's challenges to certain of the prosecutor's summation remarks are unpreserved for appellate review, as he did not object to the remarks at issue (*see* CPL 470.05 [2]; *People v Medina*, 53 NY2d 951, 953 [1981]; *People v Wright*, 90 AD3d 679 [2011]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or a fair response to defense counsel's summation (*see People v Wright*, 90 AD3d at 679; *People v Halm*, 81 NY2d 819, 821 [1993]; *People v Overlee*, 236 AD2d 133, 144 [1997]; *People v Salaman*, 231 AD2d 464 [1996]). Eng, P.J., Rivera, Lott and Cohen, JJ., concur.