■ The People of the State of New York, Respondent, v Akime Jean, Appellant. [987 NYS2d 630]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered April 17, 2012, convicting him of criminal possession of stolen property in the fifth degree, petit larceny, and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the People improperly used his pretrial silence to impeach his credibility at trial and made improper summation comments regarding his pretrial silence

are unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Fleming, 70 NY2d 947 [1988]; People v Bellman, 112 AD3d 732 [2013]; People v Williams, 107 AD3d 746 [2013]; People v Evans, 291 AD2d 569 [2002]).

In any event, the defendant's contentions are without merit. Prior to trial, the defendant spoke to police officers and narrated the essential facts of his involvement in the crime. Thus, the defendant could be cross-examined about his failure to inform the police at that time of exculpatory circumstances to which he testified at trial (see People v Savage, 50 NY2d 673, 676 [1980]; People v Fox, 60 AD3d 966 [2009]; People v Prashad, 46 AD3d 844 [2007]; People v Davis, 256 AD2d 173 [1998]; People v Spinelli, 214 AD2d 135 [1995]).

The summation comments the defendant now challenges were fair comment on the evidence, responsive to arguments and theories raised by the defense, or otherwise remained within the "broad bounds of rhetorical comment permissible in closing argument" (People v Galloway, 54 NY2d 396, 399 [1981]; see also People v Williams, 107 AD3d 746 [2013]; People v Ravenell, 307 AD2d 977 [2003]).

The defendant's attorney provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]). Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.