■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEMAR THOMPSON, Appellant. [1 NYS3d 833]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered November 9, 2011, convicting him of robbery in the first degree (three counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that certain comments made by the prosecutor during his opening statement and summation were improper and deprived him of a fair trial is unpreserved for appellate review, since the defendant either failed to object to the remarks he now challenges, made only a general objection, objected on grounds other than those currently raised, or failed to request additional instructions when the trial court gave curative instructions (*see* CPL 470.05 [2]; *People v Martin*, 116 AD3d 981, 982-983 [2014]; *People v Santos*, 105 AD3d 1064, 1065 [2013]; *People v Prowse*, 60 AD3d 703, 704 [2009]). In any event, the defendant was not deprived of a fair trial. The challenged remarks constituted fair comment on the evidence, did not exceed the "broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399 [1981]; *see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Jean*, 118 AD3d 1024, 1025 [2014]), or, where improper, "were not so flagrant or pervasive as to deprive the defendant of a fair trial" (*People v Ward*, 106 AD3d 842, 843 [2013]; *see People v Philbert*, 60 AD3d 698 [2009]; *People v Almonte*, 23 AD3d 392, 394 [2005]).

The sentencing minutes indicate that the court relied upon the appropriate factors in sentencing the defendant to a higher sentence than that which was offered during plea negotiations (*see People v Evans*, 16 AD3d 595, 596 [2005]; *People v Pena*, 50 NY2d 400 [1980]). There is no basis in the record to conclude that the defendant was punished for choosing to go to trial (*see People v Pena*, 50 NY2d at 411-412). The sentence imposed was not excessive (*see People v Farrar*, 52 NY2d 302 [1981]; *People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.