People v Rosario (2020 NY Slip Op 00437)





People v Rosario


2020 NY Slip Op 00437


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-00964
 (Ind. No. 16-01115)

[*1]The People of the State of New York, respondent,
v
Deury Rosario, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara G. Zambelli, J.), rendered December 18, 2017, convicting him of attempted assault in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the second degree, and obstruction of governmental administration in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.
The defendant's contention that he was deprived of his right to a fair trial by certain remarks made by the prosecutor during summation is without merit. Most of the challenged remarks were fair comment on the evidence or permissible rhetorical comment (see People v Ashwal, 39 NY2d 105, 109). To the extent that some of the remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Lopez, 150 AD3d 1266, 1267).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court