People v Miles (2020 NY Slip Op 04775)





People v Miles


2020 NY Slip Op 04775


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-06399
 (Ind. No. 4444/14)

[*1]The People of the State of New York, respondent,
v Thomas Miles, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered April 28, 2016, as amended May 25, 2016, convicting him of burglary in the first degree as a sexually motivated felony, attempted rape in the first degree, sexual abuse in the first degree, assault in the second degree as a sexually motivated felony, and attempted criminal contempt in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant was convicted, inter alia, of burglary in the first degree as a sexually motivated felony, and related offenses, for crimes he committed against the complainant in a dwelling in Brooklyn. Both the complainant and the defendant were tenants in separate rooms in the dwelling, a single-family house.
The defendant failed to preserve for appellate review his challenge to the Supreme Court's charge regarding burglary in the first degree as a sexually motivated felony (see CPL 470.05[2]). In any event, the "court's charge, taken as a whole, conveyed to the jury the correct standard" (People v Drake, 7 NY3d 28, 32; see People v Fields, 87 NY2d 821, 823).
The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support the convictions (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to each of the convictions. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 411, cert denied 542 US 946; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to each of the convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 645).
The defendant was provided with meaningful representation (see People v Benevento, [*2]91 NY2d 708; People v Baldi, 54 NY2d 137).
The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court's admission at trial of the complainant's hearsay statement deprived him of his constitutional right to a fair trial is without merit. Although the court should have sustained the defendant's objection to the complainant's hearsay testimony on direct examination that the owner of the premises at issue told her that the defendant had been evicted (see generally Nucci v Proper, 95 NY2d 597, 602; People v Nieves, 67 NY2d 125, 131), the court thereafter instructed the jury that the defendant was a tenant of the premises and as such, had a right to be in the common areas of the premises. Under the circumstances of this case, the error did not deprive the defendant of a fair trial and was otherwise harmless, since there was overwhelming evidence of the defendant's guilt and no significant probability that the error might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court