People v Munnerlyn (2021 NY Slip Op 02417)





People v Munnerlyn


2021 NY Slip Op 02417


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2015-05849
 (Ind. No. 890/14)

[*1]The People of the State of New York, respondent,
v
Donald Munnerlyn, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Avshalom Yotam of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered June 25, 2015, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of attempted murder in the second degree and assault in the first degree, arising from the shooting of two individuals, one of whom was the intended target, and the other, an innocent bystander, outside a nightclub in Brooklyn.
The defendant's contention that the evidence was legally insufficient to prove his identity as the shooter is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492; People v Pearsall, 171 AD3d 1096, 1096). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's identity as the shooter beyond a reasonable doubt (see People v Keating, 183 AD3d 595, 596-597; People v Alman, 181 AD3d 694, 694). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention, raised in his pro se supplemental brief, that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is largely unpreserved for appellate review since the defendant either failed to object to the remarks at issue, raised only generalized objections, failed to request curative instructions, or failed to request additional relief when the trial court sustained his objections or provided curative instructions, or failed to timely move for a mistrial (see CPL 470.05[2]; People v Willis, 165 AD3d 984, 985; People v Morris, 157 AD3d 827, 828; People v Grant, 152 AD3d 792, 793; People v McMillan, 130 AD3d [*2]651, 654-655, affd 29 NY3d 145). In any event, the defendant's contention is without merit, as the challenged remarks were fair comment on the evidence or responsive to the defense's own summation (see People v Ashwal, 39 NY2d 105, 109; People v Hogue, 166 AD3d 1009, 1011; People v Jean, 118 AD3d 1024, 1025; People v Monteleone, 71 AD3d 790, 790).
Contrary to the defendant's contention, the imposition of consecutive sentences was not illegal, as the evidence supported the conclusion that the two victims were struck by separate bullets, and, therefore, the crimes against them were separate and distinct criminal acts (see Penal Law § 70.25[2]; People v McKnight, 16 NY3d 43, 48; People v Brown, 80 NY2d 361, 364; People v Smalls, 145 AD3d 802, 803; People v Holmes, 92 AD3d 957, 957).
Further, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions that he was denied a fair trial based on the People's reliance on non-eyewitness opinion testimony, as asserted in his main brief, and due to the People's impeachment of their own witnesses, improper bolstering of one of those witnesses, and prejudicial comments by the trial court, as raised in his pro se supplemental brief, are mostly unpreserved for appellate review and, in any event, without merit.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court