People v Alexander (2021 NY Slip Op 06854)





People v Alexander


2021 NY Slip Op 06854


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-01160
 (Ind. No. 173-18)

[*1]The People of the State of New York, respondent,
v
Frank L. Alexander, appellant.


Laurette D. Mulry, Riverhead, NY (Anju Alexander of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (William J. Condon, J.), rendered January 7, 2019, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and sentencing him, on the conviction of robbery in the first degree, to a determinate term of imprisonment of 18 years, to be followed by a period of 5 years of postrelease supervision, and on the conviction of robbery in the second degree, to a determinate term of imprisonment of 15 years, to be followed by a period of 5 years of postrelease supervision, with the sentences to run concurrently. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Mark Cohen, J.), of the suppression of certain of the defendant's statements to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of robbery in the first degree to a determinate term of imprisonment of 14 years, to be followed by a period of 5 years of postrelease supervision, and reducing the sentence imposed on the conviction of robbery in the second degree to a determinate term of imprisonment of 14 years, to be followed by a period of 5 years of postrelease supervision, with the sentences to run concurrently; as so modified, the judgment is affirmed.
After a jury trial, the defendant was convicted of robbery in the first degree and robbery in the second degree, in connection with an August 2017 gunpoint robbery in a pawn shop located in Melville.
Contrary to the defendant's contention, the County Court properly determined that the defendant's arrest was supported by probable cause. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423). "The legal conclusion is to be made after considering all of the facts and circumstances together. Viewed singly, these may not be persuasive, yet when viewed together the puzzle may fit and probable cause found" (id. at 423). Here, viewed in its totality, the evidence presented at the suppression hearing was sufficient to support a reasonable belief that the defendant was one of the two perpetrators of the robbery (see [*2]People v Nerys, 181 AD2d 921, 921).
Nor did the County Court err in denying suppression of certain statements made by the defendant while in a police vehicle that was in transit to the police station. "An individual taken into law enforcement custody for questioning must be informed of his or her Miranda rights" (People v Crawford, 163 AD3d 986, 986, citing Miranda v Arizona, 384 US 436, 467-473). While a defendant's statements made in response to police interrogation, or its functional equivalent, are inadmissible in the absence of Miranda warnings (see Rhode Island v Innis, 446 US 291, 301; People v Crawford, 163 AD3d at 986), "volunteered statements, meaning those that are self-generated and made without apparent external cause, are admissible even if the defendant was in custody and unwarned" (People v Tavares-Nunez, 87 AD3d 1171, 1172 [citation and internal quotation marks omitted]). Here, after the defendant asked the arresting detectives the reason for his arrest, one of the detectives answered that the defendant was the suspect of a robbery committed with an individual named Sykim Johnson, to which the defendant responded that he did not know Sykim Johnson. Because the detective provided a succinct and accurate answer to the defendant's question, the defendant's response to the information provided was not prompted by the functional equivalent of custodial interrogation, and thus was not subject to suppression (see People v Rivers, 56 NY2d 476, 480; People v Davis, 32 AD3d 445, 446; cf. People v Crawford, 163 AD3d at 987).
The defendant's contention that the evidence was legally insufficient to support his conviction because the prosecution failed to establish his identity as the perpetrator of the crime is unpreserved for appellate review (see CPL 470.05[2]; People v Baez, 172 AD3d 893, 894). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
"'The decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is necessary to protect the defendant's right to a fair trial'" (People v Redmon, 81 AD3d 752, 752, quoting People v Brown, 76 AD3d 532, 533; see People v Hodge, 154 AD3d 963, 964-965). Such decision is entitled to great deference on appeal (see People v Hodge, 154 AD3d at 964). Here, the County Court did not improvidently exercise its discretion in denying the defendant's motion for a mistrial after a police witness made reference to a certain name having been "on file" as a name used by the defendant. Under the circumstances, the court's sustaining of defense counsel's objection to the testimony in question was sufficient to ameliorate any prejudice to the defendant resulting therefrom (see People v Ellis, 166 AD3d 993, 997, affd 34 NY3d 1092; People v Smith, 143 AD3d 1005, 1005-1006). Moreover, defense counsel declined the court's offer to issue a curative instruction.
The defendant's contention that the prosecutor made certain improper remarks during summation is unpreserved for appellate review (see CPL 470.05[2]). In any event, most of the challenged remarks were fair comment on the evidence or permissible rhetorical comment (see People v Ashwal, 39 NY2d 105, 109). To the extent that some of the remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Rosario, 179 AD3d 952, 952).
The defendant's contention that the County Court erred in failing to give an accomplice-corroboration charge (see People v Shelton, 98 AD3d 988, 990; People v Strawder, 124 AD2d 758, 759) is also unpreserved for appellate review, since the defendant did not request such a charge, and failed to object to the charge as given (see People v Shelton, 98 AD3d at 990). In any event, the court's failure to give the charge sua sponte constituted harmless error.
The defendant's contention that he was deprived of the effective assistance of counsel [*3]is without merit. Viewed in totality, the record reflects that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668). Contrary to the defendant's contention, defense counsel was not ineffective for failing to move to preclude or to suppress an identification procedure which was merely confirmatory in nature (see CPL 710.30; United States v Wade, 388 US 218; People v LaRoche, 162 AD3d 684, 685). Likewise, counsel was not ineffective for failing to articulate any specific grounds in support of his motion for a trial order of dismissal, where that motion had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Campbell, 158 AD3d 723, 723). For the same reason, counsel was not ineffective for failing to request a missing witness charge as to the codefendant Sykim Johnson, who had previously pleaded guilty to the same charges faced by the defendant (see generally People v Hirji, 185 AD3d 1053, 1054; People v Rios, 184 AD2d 244, 245). While counsel should have requested that an accomplice-corroboration charge be provided to the jury, under the circumstances of this case, such failure did not prejudice the defendant, nor did it deprive him of meaningful representation (see People v Caban, 5 NY3d at 155-156; People v Stultz, 2 NY3d 277, 284).
Contrary to the defendant's contention, the record does not indicate that the sentence imposed was based upon any retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Brown, 164 AD3d 695; People v Seymore, 106 AD3d 1033). Even so, based upon our review of the relevant circumstances presented in this case, we exercise our discretion in the interest of justice and reduce the sentence to the extent indicated (see CPL 470.15[6][b]; People v Delgado, 80 NY2d 780; People v Diaz, 146 AD3d 803, 805-806; People v Kordish, 140 AD3d 981, 982-983; People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., BARROS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court