People v Patierno (2025 NY Slip Op 04021)

People v Patierno

2025 NY Slip Op 04021

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JAMES P. MCCORMACK
PHILLIP HOM, JJ.

2022-08258
 (Ind. No. 70294/21)

[*1]The People of the State of New York, respondent,
v
Patrick Patierno, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Melinda Katz, Special District Attorney, Kew Gardens, NY (Johnnette Traill of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J., at trial; Susan Cacace, J., at sentence), rendered August 8, 2022, convicting him of sexual abuse in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of sexual abuse in the first degree and unlawful imprisonment in the second degree for crimes he committed against the complainant, one of his employees, while in her apartment.
The defendant failed to preserve for appellate review his challenge to the Supreme Court's charge regarding sexual abuse in the first degree (see CPL 470.05[2]). In any event, the "court's charge, taken as a whole, conveyed to the jury the correct standard" (People v Drake, 7 NY3d 28, 32; see People v Miles, 186 AD3d 860, 860).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of sexual abuse in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of sexual abuse in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in permitting the People to elicit testimony regarding the defendant's prior sexual misconduct toward the complainant because this evidence provided relevant background information to explain to the jury the nature of the relationship between the defendant and the complainant and placed the charged conduct in context (see People v Dorm, 12 NY3d 16, 19; People v Molineux, 168 [*2]NY 264, 293; People v Melendez, 196 AD3d 647, 649). Further, the probative value of the evidence outweighed its potential for undue prejudice to the defendant (see People v Frumusa, 29 NY3d 364, 373; People v Henry, 173 AD3d 900, 901), and the court's limiting instruction to the jury served to alleviate any prejudice from the admission of that evidence (see People v Gross, 172 AD3d 741, 742).
The defendant's contention that he was deprived of his constitutional right to counsel and to a fair trial when the Supreme Court denied his request for a five-day adjournment because his lead counsel contracted COVID-19 is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, this contention is without merit. The determination of an adjournment request is a matter committed to the trial court's sound discretion (see People v Diggins, 11 NY3d 518, 524) and will not be disturbed absent a showing of prejudice (see People v Orama, 157 AD3d 967, 968). Here, the court provided lead counsel with a four-day adjournment and implemented certain accommodations for defense counsel. The defendant was represented by two attorneys throughout, one of whom was lead counsel and the other of whom had been counsel since the defendant was arraigned. Both of the defendant's attorneys had actively participated in the litigation. Hence, the fact that lead counsel was physically absent for a single day of the proceedings did not deprive the defendant of his right to counsel and to a fair trial (see People v Ziolkowski, 298 AD2d 901, 901). The defendant's related contention that the court deprived him of his right to counsel when it denied his request for a mistrial based on lead counsel's absence is similarly without merit. A mistrial is a drastic remedy, and the resolution of a mistrial motion lies within the trial court's discretion (see People v Harrison, 212 AD3d 651, 652). This decision is entitled to great deference on appeal (see People v Alexander, 200 AD3d 790, 792). A mistrial should not be granted absent an "actual and substantial" reason (People v Hodge, 154 AD3d 963, 964 [internal quotation marks omitted]; see People v Gardella, 64 AD2d 638, 638-639). Here, insofar as the defendant was ably represented by a second attorney, who had been appearing on his behalf since arraignment, and the court implemented appropriate accommodations, a mistrial was not warranted (see People v Hodge, 154 AD3d at 964).
The defendant's contention that the Supreme Court erred in admitting into evidence a Facebook message sent by the complainant to a coworker as prompt outcry evidence is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, the court properly admitted the Facebook message as prompt outcry evidence. The complainant's report of the sexual abuse came within approximately two hours of the abuse, and did not exceed the allowable level of detail permissible under the prompt outcry hearsay exception (see People v McDaniel, 81 NY2d 10, 16-18; People v Bernardez, 63 AD3d 1174, 1175).
Moreover, the defendant's contention that the Supreme Court erred in admitting a coworker's testimony that the complainant was uncomfortable reporting the crimes because she was undocumented and in admitting the complainant's mother's testimony with respect to the complainant's appearance and demeanor after the sexual abuse, because such testimony constituted impermissible bolstering, is unpreserved for appellate review (see CPL 470.05[2]). In any event, this contention is without merit. The coworker's testimony that the complainant was uncomfortable reporting the crimes because she was undocumented was properly admitted, as such testimony was relevant to the complainant's state of mind (see People v Velasquez, 141 AD2d 882, 883), and the complainant's mother was properly permitted to testify with respect to the complainant's appearance and demeanor after the sexual abuse (see People v Troche, 159 AD3d 735, 737; People v Shepherd, 83 AD3d 1298, 1300-1301).
Moreover, the defendant's contention that testimony regarding certain statements made by the complainant to a friend during a telephone conversation soon after the sexual abuse constituted impermissible bolstering is unpreserved for appellate review (see CPL 470.05[2]). In any event, the Supreme Court properly determined that the statements were not hearsay and, thus, did not constitute impermissible bolstering (see generally People v Rosario, 100 AD3d 660, 661).
The defendant's contention that a detective's testimony about certain suggestions he made to the complainant with regard to eliciting admissions from the defendant about the sexual abuse based on what the complainant told the detective constituted impermissible bolstering is [*3]unpreserved for appellate review (see CPL 470.05[2]). In any event, this contention is without merit. Such testimony constituted proper background information as to the investigation and events leading up to the defendant's arrest (see People v Rosario, 100 AD3d at 661; People v Bernardez, 85 AD3d 936, 938).
The defendant's contention that the Supreme Court erred in admitting into evidence four video/audio recordings and certain text messages between the defendant and the complainant because they constituted inadmissible hearsay and impermissible bolstering is unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contention is without merit. The recordings were made by the complainant's mother, one day after the sexual abuse incident, while the defendant was standing outside of the complainant's closed apartment door and talking to the complainant and a second coworker. The recordings contain accusations by the complainant and the second coworker as to the sexual abuse by the defendant, as well as statements by the defendant. The defendant's statements on the recordings and in the text messages were properly admitted as adoptive admissions, as the defendant was confronted with wrongdoing by the complainant and the coworker, did not deny the allegations, and in fact, assented to them (see People v Oliver, 193 AD3d 1081, 1082; People v Morales, 176 AD3d 1235, 1236).
The defendant's contention that the prosecutor's use of repetitive and argumentative questions in cross-examining him constituted misconduct is largely unpreserved for appellate review (see CPL 470.05[2]). In any event, "'[o]nce a defendant testifies and places his [or her] credibility in issue, a prosecutor need not tread lightly in cross-examining'" (People v Ortiz, 189 AD3d 891, 893, quoting People v Overlee, 236 AD2d 133, 136). Here, the defendant in his direct testimony, in direct contrast to the testimony of the complainant, maintained that the prior physical contact between himself and the complainant, as well as on the day of the incident, was consensual. In response thereto, the prosecutor posed questions regarding these issues that were "'both relevant and material to the [defendant's] credibility, veracity and honesty,'" and thus were proper cross-examination (People v Quezada, 116 AD3d 796, 797, quoting People v Coleman, 56 NY2d 269, 273).
The defendant's contention that he was deprived of a fair trial when the prosecutor questioned him regarding his failure to provide the police with certain exculpatory information at the time of his arrest is largely unpreserved for appellate review (see CPL 470.05[2]). In any event, this contention is without merit. Generally, a defendant's post-arrest silence cannot be used for impeachment purposes (see People v Conyers, 52 NY2d 454, 458-459). Where, as here, however, a defendant waives his Miranda rights, speaks to the police, and omits exculpatory information which he presents for the first time at trial, the defendant's credibility may be impeached with the omission of that evidence (see Miranda v Arizona, 384 US 436; People v Savage, 50 NY2d 673, 676, 679; People v Fox, 60 AD3d 966, 967; People v Prashad, 46 AD3d 844). Moreover, the defendant's challenge to the prosecutor's comments during summation regarding the defendant's omissions is unpreserved for appellate review (see CPL 470.05[2]). In any event, under the circumstances, the prosecutor's comments during summation regarding the omissions were not misleading or improper (see People v Spinelli, 214 AD2d 135, 142).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Here, defense counsel cannot be deemed ineffective for failing to make certain objections or arguments that would have had little chance of success (see People v Caban, 5 NY3d 143, 152; People v Portious, 201 AD3d 820, 822), and the defendant has not demonstrated "the absence of strategic or other legitimate explanations for [certain of] counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [internal quotation marks omitted]; see People v Portious, 201 AD3d at 822). The record as a whole establishes that defense counsel competently represented the defendant and provided meaningful representation (People v Caban, 5 NY3d 143; People v Baldi, 54 NY2d 137, 147). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668, 687).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., CHRISTOPHER, MCCORMACK and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court