■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK LATTIMORE, Appellant. [881 NYS2d 82]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered July 16, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third

degree (three counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously modified, on the law, to the extent of remanding for a new sentencing proceeding, and otherwise affirmed.

Defendant was properly represented by counsel throughout the trial, and the record, which defendant has not sought to expand by way of a CPL 440.10 motion, does not support his claim that he took over counsel's normal decision-making role (*see People v Ferguson*, 67 NY2d 383, 390 [1986]) to such a degree that he was effectively proceeding pro se without the necessary colloquy about the risks of self-representation. To the extent the record permits review, it establishes that any decision-making by defendant "did not constitute self-representation requiring the court to warn him of the risks of proceeding pro se" (*People v Blak*, 6 AD3d 301, 302 [2004], *lv denied* 3 NY3d 637 [2004]; *see also People v Cabassa*, 79 NY2d 722, 730-731 [1992], *cert denied sub nom. Lind v New York*, 506 US 1011 [1992]).

Defendant's claim that the court improperly modified its original *Sandoval* ruling after defendant's direct testimony, and his related claims regarding the prosecutor's summation, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that defendant opened the door to the modified ruling (*see People v Fardan*, 82 NY2d 638, 646 [1993]), and that the summation comments at issue were fair comment on the evidence (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). We also reject defendant's ineffective assistance of counsel claim relating to these issues (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

As the People concede, defendant is entitled to a new sentencing proceeding because he was deprived of his right to counsel at sentencing. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Abdus-Salaam, JJ.