■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS QUEZADA, Appellant. [983 NYS2d 326]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered April 25, 2012, convicting him of predatory sexual assault against a child, rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was deprived of a fair trial by the combination of the Supreme Court's original ruling pursuant to *People v Sandoval* (34 NY2d 371 [1974]), and the elicitation of the underlying facts of a prior assault conviction by defense counsel during the defendant's testimony on direct examination, and by the prosecutor on cross-examination. Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in making its original *Sandoval* ruling by concluding that the People could cross-examine him as to the existence and nature—but not the underlying facts—of a prior conviction of criminal possession of a weapon and an April 2006 assault conviction, and could cross-examine him as to the existence and nature—and the underlying facts—of a February 2006 assault conviction. The court struck an appropriate balance between the probative value of the defendant's prior crimes with respect to the issue of his credibility and the potential prejudice to the defendant (*see People v Sandoval*, 34 NY2d at 377-378; *People v Hicks*, 84 AD3d 1402 [2011]; *People v Di Bella*, 277 AD2d 699 [2000]).

The defendant failed to preserve for appellate review his contention that the trial court improperly modified its *Sandoval* ruling after his direct examination to permit the People to cross-examine him as to the underlying facts of the April 2006 assault conviction (*see People v Lattimore*, 63 AD3d 521 [2009]). In any event, the trial court properly modified its *Sandoval* ruling when the defendant opened the door to questioning about the underlying facts of that conviction (*see People v Fardan*, 82 NY2d 638, 646 [1993]). The defendant's testimony that he only struck another inmate with a chair in self-defense was misleading, as the facts underlying this prior conviction revealed that the defendant acted in concert with codefendants who also participated in the assault upon the inmate. Moreover, the Supreme Court gave proper limiting instructions in this case, cautioning the jury that the evidence of prior convictions could not provide a basis for evaluating the defendant's guilt of the crimes charged in the instant matter (*see id.* at 646-647). While defense counsel should not have elicited, on direct examination of his client, the underlying facts of the April 2006 assault conviction, the defendant has not demonstrated that this single error was "so egregious and prejudicial" as to constitute the ineffective assistance of counsel and to deprive him of a fair trial (*People v Turner*, 5 NY3d 476, 480 [2005] [internal quotation marks omitted]).

Similarly, the defendant's contention that the prosecutor engaged in misconduct while cross-examining him is unpreserved for appellate review (*see People v Williams*, 8 NY3d 854, 855 [2007]; *People v Dinh*, 70 AD3d 848, 849 [2010]; *People v Booth*, 265 AD2d 485, 486 [1999]). In any event, "[o]nce a defendant testifies and places his [or her] credibility in issue, a prosecutor need not tread lightly in cross-examining" (*People v Overlee*, 236 AD2d 133, 136 [1997]). The prosecutor's questioning about the underlying facts of the defendant's prior assault convictions was intended to reveal a willingness on the defendant's part to place his self-interest ahead of that of society, proof that was relevant to suggest his readiness as a witness to do so again (*cf. People v Sandoval*, 34 NY2d at 377). Such evidence is generally "both relevant and material to the credibility, veracity and honesty" of the witness and is, therefore, a proper subject for cross-examination (*People v Coleman*, 56 NY2d 269, 273 [1982]). While we agree with the defendant that one of the prosecutor's questions was improper, the Supreme Court sustained defense counsel's objection and, in any event, the improper question fell short of the sort of "egregious" misconduct that would have deprived the defendant of a fair trial (*see id.*).

The defendant's challenge to various remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant failed to object to any of the challenged summation remarks (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]). In any event, most of the challenged remarks were proper because they were within the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Hanson*, 100 AD3d 771, 772 [2012], *lv granted* 21 NY3d 1016 [2013]). To the extent that some of the comments were improper, they were harmless, since the evidence of the defendant's guilt was overwhelming and there was no significant probability that the errors might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hanson*, 100 AD3d at 772). Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.