People v Ortiz (2020 NY Slip Op 07226)





People v Ortiz


2020 NY Slip Op 07226


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2016-09729
 (Ind. No. 522/15)

[*1]The People of the State of New York, respondent,
v
Miguel A. Ortiz, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered September 8, 2016, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish that sexual conduct occurred over a period of time not less than three months in duration prior to the complainant's thirteenth birthday, as required for a conviction of course of sexual conduct against a child in the first degree under Penal Law § 130.75(1)(b), is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant engaged in sexual conduct with the complainant for a period of not less than three months in duration prior to the complainant's thirteenth birthday (see Penal Law § 130.00[10]; Penal Law § 130.75[1][b]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the crime of criminal sexual conduct against a child in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by improper remarks made by the prosecutor during voir dire, as he either failed to object to the remarks he now challenges or made only general objections (see People v Romero, 7 NY3d 911, 912; People v Wallace, 123 AD3d 1151, 1151). In any event, the prosecutor's remarks during voir dire were not patently improper or unduly prejudicial, and did not misstate the law (see People v Wallace, 123 AD3d at 1151-1152; People v Dashosh, 59 AD3d 731).
The defendant's challenges to certain remarks made by the prosecutor during the opening statement and summation are unpreserved for appellate review since he failed to object to the remarks at issue (see CPL 470.05[2]; People v Romero, 7 NY3d at 912). Although many of the comments exceeded the bounds of fair comment and could be characterized as inflammatory and an improper denigration of the defendant's trial strategy, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that such error contributed to the defendant's conviction (see People v Jearel, 175 AD3d 565). However, we do remind the People that "summation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his [or her] command," but rather, "[t]here are certain well-defined limits" (People v Ashwal, 39 NY2d 105, 109). Counsel is to "stay within 'the four corners of the evidence' and avoid irrelevant and inflammatory comments which have a tendency to prejudice the jury against the accused" (People v Bartolomeo, 126 AD2d 375, 390, quoting People v Ashwal, 39 NY2d at 109).
Similarly, the defendant's contention that the prosecutor engaged in misconduct while cross-examining him is, for the most part, unpreserved for appellate review (see CPL 470.05[2]). In any event, "[o]nce a defendant testifies and places his [or her] credibility in issue, a prosecutor need not tread lightly in cross-examining" (People v Overlee, 236 AD2d 133, 136; see People v Quezada, 116 AD3d 796, 797). The prosecutor's questioning about the underlying facts of the defendant's prior convictions was "intended to reveal a willingness on the defendant's part to place his self-interest ahead of that of society, proof that was relevant to suggest his readiness as a witness to do so again" (People v Quezada, 116 AD3d at 797; cf. People v Sandoval, 34 NY2d 371, 377). "Such evidence is generally 'both relevant and material to the credibility, veracity and honesty' of the witness and is, therefore, a proper subject for cross-examination" (People v Quezada, 116 AD3d at 797, quoting People v Coleman, 56 NY2d 269, 273). Although we agree with the defendant that, during his cross-examination by the prosecutor, the prosecutor improperly relied upon records which were not admitted into evidence, the Supreme Court sustained defense counsel's objection to the prosecutor reading from a document not in evidence and, in any event, the improper questioning using that document fell short of the sort of egregious misconduct that would have deprived the defendant of a fair trial (see People v Joseph, 145 AD3d 916, 917; People v Quezada, 116 AD3d at 797).
Moreover, the Supreme Court's response to the jury note, after both sides were allowed to read the note, of repeating the original instruction given pertaining to the charge of endangering the welfare of a child was meaningful (see People v Santi, 3 NY3d 234, 249; People v Gonsalez, 144 AD3d 841, 842), and the defendant suffered no discernable prejudice from the court's handling of the note (see People v Harriott, 181 AD3d 863, 863-864; People v Battle, 15 AD3d 413, 414).
MASTRO, J.P., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court