People v Santiago (2021 NY Slip Op 03064)





People v Santiago


2021 NY Slip Op 03064


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-10457
 (Ind. No. 960/18)

[*1]The People of the State of New York, respondent,
v
Steven Santiago, appellant.


Adam Seiden, Mount Vernon, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered August 7, 2019, convicting him of burglary in the second degree (two counts), grand larceny in the fourth degree, and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his convictions are not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt is not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial because he was not present at a pretrial conference is without merit. A criminal defendant has a constitutional and statutory right to be present at all material stages of the trial (see People v Rolle, 4 AD3d 542). A defendant, however, must provide an adequate record for determining whether he or she was wrongfully excluded from a material stage of the trial (see People v Borzouye, 265 AD2d 419; People v Rodriguez, 251 AD2d 603). Here, the defendant failed to establish that his presence at the conference could have had a substantial effect on his ability to defend against the charges or that he could have made a valuable contribution to the conference (see People v Velasquez, 1 NY3d 44, 47; People v Harris, 99 NY2d 202, 212; People v Hubsher, 176 AD3d 972).
The defendant's contention that a particular remark made by the prosecutor in summation improperly shifted the burden of proof is unpreserved for appellate review, as he failed to either request additional instructions when the trial court gave curative instructions or move for [*2]a mistrial (see People v Bragg, 161 AD3d 998, 999; People v Martin, 116 AD3d 981; People v Morel, 297 AD2d 757). In any event, the challenged remark was not improper, as it was within the broad bounds of rhetorical comment permissible in summations, and responsive to the summation of defense counsel (see People v Flowers, 102 AD3d 885, 886).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court