People v Macon (2021 NY Slip Op 07012)





People v Macon


2021 NY Slip Op 07012


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-06266
 (Ind. No. 297/18)

[*1]The People of the State of New York, respondent,
v
Anthony Macon, appellant.


Jonathan Rosenberg, PLLC, Brooklyn, NY (Gloria Keum of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered May 9, 2019, convicting him of assault in the first degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal use of a firearm in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by comments made by the prosecutor during summation is without merit. Although certain of the prosecutor's comments were improper, the cumulative effect of the improper comments did not deprive the defendant of a fair trial (see People v Morel, 195 AD3d 946, 948), and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the improper comments might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241; People v Rahman, 189 AD3d 1616, 1617).
The defendant failed to preserve for appellate review his contention that the jury's finding of guilt on a count of robbery in the first degree is irreconcilable with its acquittal of the defendant on a count of robbery in the second degree (see People v Alfaro, 66 NY2d 985, 987; People v Colon, 189 AD3d 875; People v Danon, 167 AD3d 930, 931), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's contention that he was denied the opportunity to make a personal [*2]statement prior to sentencing, in violation of CPL 380.50, is unpreserved for appellate review (see People v Garville, 194 AD3d 744; People v Hernandez, 192 AD3d 1528, 1532), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court