People v Turner (2022 NY Slip Op 01330)





People v Turner


2022 NY Slip Op 01330


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-03995
 (Ind. No. 2303/16)

[*1]The People of the State of New York, respondent,
v
William C. Turner, appellant.


Aidala Bertuna & Kamins, P.C., New York, NY (John S. Esposito and Barry Kamins of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered April 5, 2018, convicting him of criminal sale of a controlled substance in third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (John J. Toomey, Jr., J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant contends that the County Court should have granted that branch of his omnibus motion which was to suppress physical evidence because the testimony of the arresting officer at the suppression hearing was incredible as a matter of law and patently tailored to meet constitutional objections. This contention is unpreserved for appellate review, as the defendant failed to raise this specific contention before the court (see CPL 470.05[2]; People v Kelly, 131 AD3d 484; People v Taylor, 120 AD3d 519, 520). In any event, this contention is without merit.
At the suppression hearing, the arresting officer testified that he observed the defendant and another individual standing together in a dirt driveway adjacent to a vacant property known to the officer for narcotics use. The officer explained that the owner of the vacant property had made a number of complaints to the police "of illicit activities or trespassers on the property." The officer observed the defendant and the other individual walk up the driveway towards an abandoned boat on the vacant property and then stop and face each other, at which point the defendant removed an object that the officer recognized as crack cocaine from a clear plastic sandwich-sized bag and hand it to the other individual. The officer testified that he was familiar with the appearance of crack cocaine as well as how it is packaged from his experience of handling narcotics-related cases. The individual who had received the crack cocaine from the defendant moved the cocaine around in his hand and then placed it in his shirt pocket. The officer then observed the defendant remove a piece of crack cocaine "which was very large in size" from the plastic bag, raise it up to the light, place it back in the plastic bag, and then "twist" the bag closed. At this point, the officer approached the defendant and the other individual with his weapon drawn and directed that they "[g]et on the ground." The defendant fled into a wooded area at the rear of the vacant property, and the officer chased after him on foot. The defendant fell into a pit during the pursuit, and the officer observed an item fall from the defendant and into the pit which was recovered [*2]and identified as a plastic bag containing cocaine. The officer was eventually able to catch the defendant after employing a taser, and placed him in handcuffs.
"'The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record'" (People v Guzman, 175 AD3d 564, 564, quoting People v Hobson, 111 AD3d 958, 959). Here, the arresting officer's testimony that he observed the defendant in possession of what he reasonably believed to be crack cocaine, in an area known to the officer for narcotics use, gave the officer probable cause to arrest the defendant (see People v De Bour, 40 NY2d 210, 223; People v Guzman, 175 AD3d at 564; People v Quarless, 123 AD3d 1060; People v Williams, 69 AD3d 663; People v Ketteles, 62 AD3d 902, 903), which, in turn, justified the officer's pursuit of the defendant in his flight from the scene such that the defendant's relinquishment of the plastic bag containing the cocaine was not precipitated by any illegal police conduct (see People v Leung, 68 NY2d 734, 736). Contrary to the defendant's contention, the officer's testimony, when viewed in its entirety, was not incredible as a matter of law or patently tailored to meet constitutional objections, and we discern no basis for disturbing the County Court's decision to credit such testimony (see People v Martinez, 180 AD3d 809, 810; People v Guzman, 175 AD3d at 564; People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 1177).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court