People v Ingrassia (2022 NY Slip Op 04740)

People v Ingrassia

2022 NY Slip Op 04740

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2018-07032
 (Ind. No. 598/17)

[*1]The People of the State of New York, respondent,
v
Ralph Ingrassia, appellant.

Patricia Pazner, New York, NY (Leila Hull of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Rebecca Nealon of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered May 17, 2018, convicting him of burglary in the second degree, criminal mischief in the fourth degree, petit larceny, criminal possession of stolen property in the fifth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's claim that the People failed to lay a proper foundation pursuant to CPL 60.25 for the admission of third-party testimony regarding the complainant's prior, out-of-court identification of the defendant is preserved for appellate review because the Supreme Court, in response to the defendant's protest, "expressly decided the question raised on appeal" (CPL 470.05[2]; see People v Smith, 22 NY3d 462, 465; People v Cantoni, 140 AD3d 782, 782-783; cf. People v Graham, 25 NY3d 994, 997). Nevertheless, the defendant's claim is without merit. The record, as a whole, supports the court's finding that the complainant lacked sufficient present recollection to make an in-court identification, and thus, the third-party testimony regarding the prior identification was properly admitted (see People v Roscher, 114 AD3d 812, 812; People v Robinson, 39 AD3d 772, 772; People v Mitchell, 143 AD2d 421, 422).
The defendant's contention that certain remarks made by the prosecutor during her opening statement and summation were improper and deprived him of a fair trial is unpreserved for appellate review since he failed to object to the remarks at issue (see CPL 470.05[2]; People v Ortiz, 189 AD3d 891, 892). In any event, most of the challenged remarks constituted fair comment on the evidence, fair response to arguments and theories presented in defense counsel's summation, or were permissible rhetorical comment (see People v Anderson, 197 AD3d 713, 713-714; People v Stone, 185 AD3d 967, 969). To the extent that some of the prosecutor's remarks were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242; People v Macon, 200 AD3d 907, 907; People v Roscher, 114 AD3d at 813).
The defendant's contention that he was denied the effective assistance of counsel is [*2]without merit. The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court