People v Wyche (2022 NY Slip Op 07250)

People v Wyche

2022 NY Slip Op 07250

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-10884
 (Ind. No. 10118/16)

[*1]The People of the State of New York, respondent,
v
Hasean Wyche, appellant.

Jonathan Rosenberg, PLLC, Brooklyn, NY (Ralph Franco, Jr., Jonathan Rosenberg, and Emily Stein of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Rachel Raimondi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered August 27, 2019, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion to controvert a search warrant and suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
The defendant's contention that cocaine seized pursuant to a search warrant should have been suppressed because the search warrant was based on uncorroborated, unreliable hearsay is unpreserved for appellate review (see CPL 470.05[2]; People v Cardona, 207 AD3d 737, 738). In any event, the Supreme Court properly concluded that the search warrant was supported by probable cause (see People v Abad, 208 AD3d 892; People v Lambey, 197 AD3d 728).
The defendant also contends that testimony regarding identification of his voice on recorded phone calls that were the subject of an eavesdropping warrant should have been suppressed because there was no probable cause for his arrest. However, the defendant's contention is unpreserved for appellate review because the defendant never moved for this relief, nor did he object to the admission of this evidence at trial on the grounds now asserted on appeal (see CPL 470.05[2]; People v Figaro, 305 AD2d 697, 697-698). In any event, the defendant's contention is without merit because probable cause existed for his arrest (see People v Turner, 203 AD3d 758; People v Mosquito, 197 AD3d 504, 507; People v Parker, 160 AD3d 989; People v Watts, 58 AD3d 647).
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Carranza, 306 AD2d 351, 352). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent [*2]review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on each of the convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court