People v Anderson (2023 NY Slip Op 00433)

People v Anderson

2023 NY Slip Op 00433

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2018-08519
 (Ind. No. 2980/16)

[*1]The People of the State of New York, respondent,
v
Kadeem Anderson, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, Jordan I. Locascio, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Peter F. Vallone, Jr., J.), rendered June 27, 2018, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of attempted robbery in the second degree, based, inter alia, upon the complainant's trial testimony, the grand jury testimony of the defendant, and the testimony of a police officer who observed the defendant and his codefendant leaving the scene of the crime.
The defendant's challenge to the Supreme Court's instructions to the jury is unpreserved for appellate review, and, in any event, without merit, since the instructions as a whole adequately instructed the jury with respect to the statutory definitions and the principles of law to apply (see People v Medina, 18 NY3d 98, 104). Moreover, the court did not err when, in response to the jury's request during deliberations for the complainant's full grand jury testimony which was not in evidence, the court did not inform the jury that there was trial testimony available addressing the complainant's grand jury testimony (see People v Thatcher, 85 AD3d 1065, 1066; People v Salaman, 231 AD2d 464).
The defendant contends that he was deprived of a fair trial by certain remarks made by the prosecutor during summation. Contrary to the People's contention, the defendant adequately preserved for review his contention that he was deprived of a fair trial by the prosecutor's remark that defense counsel "want[ed] [the jury] to believe" that because the complainant "was accused of a crime," the defendant had a "free pass" to rob the complainant "at gunpoint" and "shoot" him "in the head." Insofar as the prosecutor's remark was improper, it was not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Ingrassia, 207 AD3d 751, 752; People v Matthews, 195 AD3d 864, 865). The defendant's remaining challenges to the prosecutor's summation remarks are largely unpreserved for appellate review (see CPL 470.05[2]). In any event, the remarks were either fair comment on the evidence, a fair response to defense counsel's summation (see, e.g., People v Medina, 207 AD3d 570; People v Warrick, 261 AD2d 152, 154; [*2]People v Ortiz, 217 AD2d 425), or not so egregious or pervasive as to have deprived the defendant of a fair trial (see People v Stallone, 204 AD3d 841, 842).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court