People v Leon (2023 NY Slip Op 06381)

People v Leon

2023 NY Slip Op 06381

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2019-12936
 (Ind. No. 1041/18)

[*1]The People of the State of New York, respondent,
v
Isaias Leon, appellant.

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Christopher M. Ciccolini of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered October 23, 2019, convicting him of attempted robbery in the first degree, burglary in the second degree, criminal possession of a weapon in the third degree (three counts), criminal mischief in the fourth degree (two counts), attempted burglary in the second degree, assault in the second degree, burglary in the third degree, criminal possession of burglar's tools, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the prosecutor's summation remarks were improper and deprived him of a fair trial is partially unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v O'Sullivan, 211 AD3d 751, 752). In any event, while some of the prosecutor's summation remarks were improper, under the circumstances of this case, the defendant was not deprived of a fair trial by the prosecutor's remarks, and any other error in this regard was harmless. Although counsel is to be afforded the "widest latitude" in making summation arguments, it is fundamental that counsel stay "within the four corners of the evidence" and "avoid irrelevant comments which have no bearing on any legitimate issue in the case" (People v Ashwal, 39 NY2d 105, 109 [internal quotation marks omitted]; see People v Ortiz, 189 AD3d 891, 892-893; People v Cunningham, 171 AD3d 1207, 1208).
Here, it was improper for the prosecutor to state that the defendant's presumption of innocence was "gone" (see People v Alfaro, 260 AD2d 495, 496; see generally People v Green, 144 AD3d 589, 590; People v Hatchcock, 96 AD3d 1082, 1085), and to evoke the jury's sympathy for the complainants (see People v Cunningham, 171 AD3d at 1208; People v Cherry, 163 AD3d 706, 707; People v Gurdon, 153 AD3d 1430, 1431). Nevertheless, in light of the Supreme Court striking most of the prosecutor's improper remarks and providing proper jury instructions, these errors were not so egregious or pervasive as to deprive the defendant of his right to a fair trial (see People v Ingrassia, 207 AD3d 751, 752; People v Dumervil, 205 AD3d 923, 925). Furthermore, any other error in this regard was harmless as there was overwhelming evidence of the defendant's guilt and no significant probability that these errors contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Ortiz, 189 AD3d at 892; People v Cunningham, 171 [*2]AD3d at 1208).
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court