People v Milburn (2024 NY Slip Op 02068)

People v Milburn

2024 NY Slip Op 02068

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2019-10614
 (Ind. No. 1482/18)

[*1]The People of the State of New York, respondent,
v
Garry Milburn, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Jaedon J. Huie of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered August 8, 2019, convicting him of assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
For his actions of, inter alia, injuring his girlfriend, and also punching the girlfriend's daughter with a level of force that resulted in severe fracturing of the daughter's jaw, which required surgery, the immobilization of the daughter's mouth with metal bars, the administration of morphine for pain, and the necessity of a liquid diet for more than one month, the defendant was convicted of assault in the third degree and assault in the second degree, respectively.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Based on the trial evidence, a rational trier of fact could have found, beyond a reasonable doubt, that the defendant intentionally injured his girlfriend and her daughter to support his convictions of assault in the third degree and assault in the second degree, respectively (see Penal Law §§ 10.00[9], [10]; 120.00[1]; 120.05[1]; People v Wheeler, 40 NY3d 925, 926; People v Garland, 32 NY3d 1094, 1096; People v Chiddick,
8 NY3d 445, 447; People v Seymore, 106 AD3d 1033). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion in permitting the People to offer into evidence orders of protection issued against the defendant, as their probative value as evidence of consciousness of guilt outweighed their prejudicial effect (see People v Chunn, 181 AD3d 706, 707; accord People v Chrisostome, 167 AD3d 644).
The defendant's challenges to various questions posed by the prosecutor during [*2]cross-examination, as well as comments made during summation, are unpreserved for appellate review. In the few instances when the defendant did object, he either made only general objections or failed to request a curative instruction when an objection was sustained (see CPL 470.05[2]; People v Colarco, 52 NY2d 801, 802; People v Haripersaud, 24 AD3d 468, 469). In any event, contrary to the defendant's contention, the prosecutor's questions to the defendant on cross-examination properly addressed his direct testimony and inferences drawn therefrom (see People v Williams, 208 AD3d 899, 901). Furthermore, most of the challenged comments made by the prosecutor during summation constituted fair comment on the evidence (see People v Hogue, 166 AD3d 1009, 1010; People v Mairena, 160 AD3d 986, 988, affd 34 NY3d 473), were responsive to arguments and theories presented in defense counsel's summation (see People v Gross, 88 AD3d 905, 906), or were permissible rhetorical comment (see People v Santiago, 194 AD3d 853, 854; People v Caldwell, 115 AD3d 870, 871). To the extent that some of the prosecutor's summation comments were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial (see People v Kiarie, 198 AD3d 814, 815; People v Rahman, 189 AD3d 1616, 1617; People v Bethea, 159 AD3d 710, 712), and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that these errors contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Leon, 222 AD3d 778, 779).
The defendant was afforded the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 146-147).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court