People v Guante (2025 NY Slip Op 00486)

People v Guante

2025 NY Slip Op 00486

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Ind No. 3002/14 Appeal No. 3603 Case No. 2018-1881 2023-01702 

[*1]The People of the State of New York, Respondent,
v
Erick Guante, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), and Covington & Burling LLP, New York (Nicholas Salsberg of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered August 2, 2017, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to term of seven years, and order, same court and Justice, entered January 18, 2023, which denied his CPL 440.10 motion to vacate judgment, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, __NY3d__, 2024 NY Slip Op 05244 [2024]). There is no basis for disturbing the jury's credibility determinations or the jury's resolution of the factual issues.
The court providently declined to charge the lesser included offense of assault in the third degree. Upon examining the record, we find no reasonable view of the evidence that would have supported a finding that defendant committed the lesser offense, but not the greater (People v Glover, 57 NY2d 61, 63 [1982]). There is no dispute that the complainant received numerous injuries from a group of assailants including defendant. The video clearly shows defendant holding a sharp object and subsequently making a slashing motion towards defendant.
Defendant has not preserved his claims that the court improperly modified its original Sandoval ruling after defendant's direct testimony and that the prosecutor exceeded the bounds of the modified ruling, and we decline to review them in the interest of justice (see People v Lattimore, 63 AD3d 521, 522 [1st Dept 2009], lv denied 13 NY3d 746 [2009]). As an alternative holding, we find that defendant opened the door to the modified ruling (see People v Fardan, 82 NY2d 638, 646 [1993]), and to the extent that the prosecutor exceeded the bounds of the modified ruling, defendant was not unfairly prejudiced by the prosecutor's questions.
The court properly handled the jury's sixth note as required by CPL 310.30 by reading the note to defense counsel and providing counsel with an opportunity for input into the court's response before addressing the note in open court (see generally People v O'Rama, 78 NY2d 270, 276-278 [1991]).
We find that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Counsel's remark during jury selection to a panelist who was originally from Mexico, asking if she "got by the wall okay," which the trial court characterized as a "poor attempt at humor" [about the president-elect's immigration policies], although ill-advised, did not constitute ineffective assistance. Nor did counsel render ineffective assistance regarding the Sandoval ruling, the prosecutor's summation, or at sentencing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025