People v Santiago (2025 NY Slip Op 06915)

People v Santiago

2025 NY Slip Op 06915

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Ind. No. 75468/22|Appeal No. 5364|Case No. 2024-00691|

[*1]The People of the State of New York, Respondent,
vJavier Santiago, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Kathryn S. Paek, J.), rendered January 5, 2024, as amended February 15, 2024, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of seven years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007], see also People v Baque, 43 NY3d 26 [2024]). The evidence, including the testimony of the two security guards at the shelter, supported the jury's conclusion that defendant committed the crimes of which he was convicted. One of the guards testified that defendant threw a metal garbage can at the victim, initiating the fight between the two men, and that defendant then chased the victim, tackled him, pinned him to the floor, and punched him "very hard" multiple times. The other guard testified that he observed defendant on top of the victim, punching him, and that, upon moving closer to the two men, he saw defendant holding a knife as he continued to attack the victim, who the guard later noticed was bleeding profusely. Although neither guard saw defendant stabbing or cutting the victim, their testimony established that defendant possessed the knife and attacked the victim with it, causing his injuries and acting with the requisite intent (see Penal Law §§ 110.00, 120.10[1]; 120.05[2]; 265.02[1]). The guards' testimony, unlike defendant's, was further corroborated by other evidence, such as surveillance videos, the recovery of the knife used in the attack,[FN1] and the victim's statements at the scene. There is no basis for disturbing the jury's credibility determinations or its resolution of the factual issues (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Williams, 17 AD3d 203, 204 [1st Dept 2005], lv denied 4 NY3d 892 [2005]). Defendant failed to preserve his claim that the court erred in admitting the victim's earlier statements under the excited utterance exception to the hearsay rule, and we decline to review his claim in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in admitting the victim's statements as excited utterances. An out-of-court statement is properly admissible under the excited utterance exception to the hearsay rule when it is made while the declarant remains under the stress of excitement caused by a startling event (People v Johnson, 1 NY3d 302, 306 [2003]). Here, the victim's statements were excited utterances and therefore admissible, as they were made 15 to 18 minutes after the stabbing while the victim was still under the stress of the attack (see People v Brown, 70 NY2d 513, 520-521 [1987]; People v Bryan, 239 AD3d 547, 548 [1st Dept 2025]).
Defendant also failed to preserve his claim that the court improperly modified its Sandoval ruling by permitting the People to elicit the underlying facts of defendant's previous grand larceny conviction if defense counsel first elicited that defendant's prior felony conviction was for grand larceny. We decline to review his claim in the interest of justice (see People v Guante, 234 AD3d 637, 638 [1st Dept 2025], lv denied 43 NY3d 1009 [2025]; People v Lattimore, 63 AD3d 521, 522 [1st Dept 2009], lv denied 13 NY3d 746 [2009]). As an alternative holding, to the extent that the trial court may have erred in modifying its Sandoval ruling (cf. People v Fardan, 82 NY2d 638, 645-647 [1993]), we would find any error harmless in light of the overwhelming evidence of defendant's guilt, as there is no significant probability that the outcome of the trial would have been different in the absence of such an error (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
We perceive no basis for reducing defendant's sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025

Footnotes

Footnote 1: As relevant here, one of the guards testified that prior to the attack, defendant had gone to another shelter resident's cubicle, where the two men spoke "for a long time." The other guard testified that after the attack, defendant handed the knife to the same resident, the two men whispered to each other, and defendant then grabbed his belongings and left the building. The knife was later recovered with blood on it inside the resident's locker.