People v Fletcher

2026 NY Slip Op 02417

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Shawn Fletcher, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2023-03867, (Ind. No. 71980/21)

Angela G. Iannacci, J.P.

Deborah A. Dowling

Lourdes M. Ventura

Donna-Marie E. Golia, JJ.

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Eugene M. Guarino, J.), rendered February 7, 2023, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

ORDERED that the judgment is affirmed.

"On a motion by a defendant to suppress physical evidence, the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Greenland, 243 AD3d 587, 588 [internal quotation marks omitted]; see People v Johnson, 243 AD3d 679, 680). "The defendant bears the ultimate burden of proving that the evidence should not be used against him or her" (People v Fasoli, 242 AD3d 900, 901; see People v Gaddy, 241 AD3d 578, 579). "The hearing court's credibility determinations are entitled to deference on appeal" (People v Greenland, 243 AD3d at 588; see People v Fasoli, 242 AD3d at 901).

Here, the challenged suppression determinations were proper. The People established that the police officers who arrested the defendant did not pursue or seize him until after they saw him with a gun, at which point they had reasonable suspicion to pursue him and probable cause to arrest him (see People v Avant, 216 AD3d 662, 664; People v Sumpter, 286 AD2d 450, 451). Further, the Supreme Court properly determined that the defendant abandoned the gun when he threw it beneath a tree and, thus, that he had no standing to contest its subsequent seizure and admission into evidence since he failed to demonstrate that he threw the gun away in response to any unlawful police conduct (see People v White, 153 AD3d 1369, 1370; People v Amuso, 44 AD3d 781, 783).

The defendant's contention that a particular police officer's testimony at the suppression hearing was incredible as a matter of law and patently tailored to overcome constitutional objections is unpreserved for appellate review (see CPL 470.05[2]; People v Delgado, 221 AD3d 909, 910; People v Taylor, 120 AD3d 519, 520). In any event, this contention is without merit. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we discern no basis for disturbing the Supreme Court's decision to credit such testimony (see People v Turner, [*2]203 AD3d 758, 760; People v Martinez, 180 AD3d 809, 810).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution based on defense counsel's failure to specifically argue that the police officer's testimony at the suppression hearing was incredible as a matter of law and patently tailored to overcome constitutional objections, since, viewing defense counsel's performance in its totality, counsel provided meaningful representation (see People v Debillis, 40 NY3d 431, 436; People v Benevento, 91 NY2d 708, 712). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).

The defendant's contention that he was deprived of a fair trial by improper remarks made by the prosecutor during summation is partially unpreserved for appellate review, since the defendant did not object to the majority of the remarks he now challenges (see CPL 470.05[2]; People v Hankerson, 149 AD3d 778, 779; People v Manigat, 136 AD3d 614, 616). In any event, most of the challenged remarks were proper because they were "within the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence" (People v Morales, 201 AD3d 819, 819-820; see People v Manigat, 136 AD3d at 616). To the extent that certain remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Anderson, 213 AD3d 687, 688; People v Ingrassia, 207 AD3d 751, 752). Further, defense counsel's failure to object to those remarks did not constitute ineffective assistance of counsel (see People v Hankerson, 149 AD3d at 779).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

IANNACCI, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court